Virginia L. Miller (Bar No. 211124)
E-mail:  gina.miller@procopio.com
Emily Marsh (Bar No. 322494)
E-mail:  emily.marsh@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone:  949.383.2997
Facsimile: 619.235.0398

Attorneys for Defendant
PKL SERVICES, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BALVANEDA, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PKL SERVICES, INC.; 4M HR LOGISTICS; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'25CV963  GPC JLB**<br><br>**NOTICE OF REMOVAL BY DEFENDANT PKL SERVICES, INC.** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**: Please take notice that Defendant PKL Services, Inc. ("PKL"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein (the "Action"), from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  As required by 28 U.S.C. §

1446(a), all process, pleadings, and orders served on Defendant PKL in the action to date are attached hereto as **Exhibit A**. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendant PKL states as follows:

## I.   INTRODUCTION

As set forth below, PKL properly removed this action to this Court pursuant to 28 U.S.C. § 1331 because this is a civil action that raises issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act and the National Labor Relations Act. Plaintiff was a member of a union. His employment, as well as the employment of the putative class members, was governed by the terms of a valid collective bargaining agreement. Plaintiff's claims cannot be adjudicated without interpreting the terms of that collective bargaining agreement. Accordingly, this Court has original jurisdiction over Plaintiff's claims.

## II.   PROCEDURAL HISTORY

On March 5, 2025, Plaintiff Danny Balvaneda ("Plaintiff") filed a putative class action complaint in the Superior Court of California, County of San Diego entitled *Danny Balvaneda v. PKL Services, Inc.; 4M HR Logistics*, San Diego County Superior Court Case No. 25CU011586C ("Complaint"). Plaintiff purports to sue on his own behalf and on behalf of "All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under the Emergency Rule 9) prior to the filing of this action through the date of certification." (Compl. ¶ 21a.) Plaintiff alleges the following causes of action: (1) Failure to Pay All Wages Owed (violation of California Labor Code §§ 200, 218, 1194, 1194.2 and 1197; (2) Failure to Pay All Overtime Wages (violation of California Labor Code §§ 510 and 1194; (3) Meal Period Violations (violation of Labor Code §§ 226.7 and 512; (4) Rest Period Violations (violation of California Labor Code §§226.7 and 516; (5) Failure to Pay All Sick Leave Wages (violation of California Labor Code §§ 200, 218, and

246 *et. seq.*); (6) Untimely Payment of Wages (violation of California Labor Code §§ 204, 210, 218); (7) Wage Statement Violations (violation of California Labor Code § 226); (8) Failure to Reimburse Business Expenses (violation of California Labor Code § 2802; (9) Unfair Competition (violation of California Business & Professions Code §§ 17200 *et seq.*)

Plaintiff served PKL with the Summons, Complaint, Civil Case Cover Sheet, ADR Package, Notice of Case Assignment and Case Management Conference via sub-service on March 10, 2025.  **Exhibit A**.

On April 18, 2025, PKL filed its Answer to Plaintiff's Complaint in the San Diego County Superior Court.  **Exhibit B**.

Based on information and belief, there are no other pleadings filed in this matter.

### III.   FACTUAL BACKGROUND

As relevant to this Court's jurisdiction conferred pursuant to 28 U.S.C. section 1331, Plaintiff specifically alleges:

- "Plaintiff and class members worked for Defendants[1] as non-exempt employees and were compensated on an hourly basis."  Compl., ¶25.
- "Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to complete work while off-the-clock."  Compl., ¶27.
- "Defendants failed to pay Plaintiff and the class members overtime wages at the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages."  Compl., ¶29.

/ / /

/ / /

/ / /

---

[1] The Complaint defines "Defendants" as "Defendants PKL, Services, Inc., 4M HR Logistics and DOES 1 through 50."  Compl., p. 1, lns. 1-3.  The named Defendants are parties to the Collective Bargaining Agreement.  Declaration of Kevin Beaver, ¶4.  In addition, the Court disregards the identity of the alleged "DOE" defendants for removal purposes.  *Bair v. Krug*, 853 F.2d 672, 674 at fn. 2 (9th Cir. 1988).

- "Defendants failed to pay Plaintiff and the class members overtime wages for all work in excess of 8 hours in one workday and any work more than 40 hours in any one workweek. Plaintiff's time records show he worked 10 hours on 9/23/24, 9/24/24, and 9/25/24. However, despite working over 8 hours in a day and sometimes 40 hours in a week, Defendant failed to pay Plaintiff overtime. Plaintiff''s wage statement for the corresponding pay period shows Defendants only paid Plaintiff and class members 40 hours in a week and did not account for overtime when Plaintiff and class members worked more than 8 hours in a day." Compl., ¶30.

- "Defendant failed to provide all rest periods to Plaintiff and the class members. Due to the demands of the job, Plaintiff and other class members were not permitted to take rest periods. Specifically, Plaintiff and the class members were often asked questions about specific jobs they were working on at all times of the day and were required to timely respond. This prevented Plaintiff and the class members from taking a compliant rest period. As a result, Plaintiff and the class members would not receive their lawful 10-minute paid rest period." Compl., ¶36.

- "Each time Plaintiff and the class members experience a noncompliant rest period, they were owed a rest period premium at the lawful rate. However, as a matter of policy and practice, Defendants failed to pay Plaintiff and other class members a rest period premium at the lawful rate of pay." Compl., ¶36.

- ". . . Defendants failed to state on employee wage statement each pay period the applicable rates in effect and the number of hours worked at that rate, as Defendants failed to list Plaintiffs and the class members' rate and all hours worked due to Defendants' policy and practice of requiring Plaintiff and the class members to round their time worked and complete work off-the-clock. Further, Defendants failed to pay all wages and premiums owed to employees." Compl., ¶45.

- "Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular, and overtime wages in an amount to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid . . . ." Compl., ¶31.

- Plaintiff alleges PKL failed to issued him and putative class members "complete and accurate wage statements" and that the "deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members." Compl., ¶52.

- "Defendants failed to in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked . . . ." Compl., ¶55.

- "Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest period of not less than ten (10) minutes for every four hours worked . . . ." Compl., ¶64.

Plaintiff alleges Defendants employed him "in California as a non-exempt employee from about May 2024 to December 2024. Compl., ¶14. Plaintiff alleges he worked as an "Aircraft Mechanic." *Id*.

PKL had operations at MCAS Miramar which was where Plaintiff was employed. At all relevant times, a collective bargaining agreement ("CBA" or "Labor Agreement") was in place between PKL and District Lodge 725 of the International Association of Machinists and Aerospace Workers AFL-CIO, the Union representing the bargaining unit of which Plaintiff was a member, from May 2023 to present. (Declaration of Kevin Beaver ("Beaver Decl.") at ¶4.)

## IV. BASIS FOR FEDERAL QUESTION JURISDICTION

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. section 1331, and removal is proper under 28 U.S.C. sections 1441 and 1446, in that this is a civil action that raises issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 ("LMRA") and the National Labor Relations Act 29 U.S.C. sections 151-169 ("NLRA").

The LMRA, which is codified as Title 29 U.S.C. sections 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties." 29 U.S.C. § 185(a). Section 301 applies "beyond cases specifically alleging contract violation to those whose resolution is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (*en banc*; internal citations omitted); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (Section 301 preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining

agreement"). Essentially, Section 301 preempts "state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

Section 301 of the LMRA preempts Plaintiff's theories because resolution of his claims will require interpretation of the CBA in place during the relevant time period. Specific provisions of the CBA that will require interpretation include, without limitation, the following:

1. <u>Failure to Pay Meal and Rest Period Premium Theories</u>. Article 24, entitled "Hours of Work" of the CBA requires employees to receive two (2) uninterrupted paid twenty (20) minute breaks per day and breaks may be staggered and will be approved by management so as not to interfere with customer requirements. Beaver Decl., ¶5. These provisions will require the Court to interpret several provisions addressing meal and rest breaks of the CBA and whether such provisions are compliant with California law or whether the CBA exempts Plaintiff from California statutes addressing meal and rest breaks. Thus, Plaintiff's wage claims are preempted.

2. <u>Failure to Reimburse Business Expenses Theory</u>. Whether Sections 32.04 and 31.03 of the CBA, which requires reimbursement for employee hotels and food when travelling, safety shoe or boot expenses, and safety glasses, are adequate to cover the business expenses Plaintiff claims he and putative class members should have allegedly been paid.

3. <u>Grievance Procedure and Arbitration Agreement</u>. Article 23 of the CBA provides a lengthy grievance procedure and arbitration agreement. Beaver Decl., ¶7. The Court will necessarily have to interpret the scope and validity of the grievance procedure provisions and thus, will satisfy the preemption test's standard of "an active dispute over the meaning of contract terms." See *Curtis v. Irwin Indus., Inc.* 913 F.3d 1146, 1153 (2019).

/ / /

4. <u>Derivative Claims</u>. Plaintiff's claims for violations of Labor Code sections 204 (failure to timely pay wages during employment), and 226 (wage statement violations), among others, are all derivative of Plaintiff's meal period, rest break, and overtime claims (addressed immediately below) and therefore require interpretation of the same underlying provisions of the CBA.

Moreover, Section 301 of the LMRA preempts Plaintiff's claims because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement. *See Curtis v. Irwin Indus., Inc.* 913 F.3d 1146, 1150 (2019) (citing Cal. Lab. Code § 514). Plaintiff's overtime claims brought under Labor Code section 510 are not viable and are preempted because he was an employee who is subject to a qualifying CBA under Section 514 of the Labor Code. Here, the CBA expressly provides for the "rates of pay, hours of work, and other conditions of employment." Beaver Decl., ¶5. Article 28 of the CBA dictates that all work performed in excess of eight hours in a workday or in excess of 40 hours in a workweek will be paid at one and one-half time the employees' working rate of pay. Beaver Decl., ¶5. The CBA also provides for alternative workweeks negotiated by the parties and a special work schedule can be implemented under certain circumstances. *Id.* at ¶6. Thus, Plaintiff's overtime claim is preempted and also requires the Court to interpret the provisions of the CBA to resolve it. Thus, this Court has original jurisdiction over Plaintiff's second cause of action.

To the extent that Plaintiff has not specifically pled that his claims require interpretation of the applicable CBA, he attempts to "artfully plead" his claim. This is improper and cannot avoid Section 301 preemption. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

Accordingly, this Court has original jurisdiction over Plaintiff's first cause of action of the Complaint.

/ / /

/ / /

## V. SUPPLEMENTAL JURISDICTION

This Court has supplemental jurisdiction over Plaintiff's other claims because they form part of the same case or controversy which is the subject of Plaintiff's overtime, meal period, rest break, failure to pay sick leave, and failure to reimburse claims. 28 U.S.C. §§ 1367(a), 1441(a); *see City of Chicago v. Int's Conference of Surgeons*, 522 U.S. 156, 156-59 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims).

This Court has jurisdiction over all claims in the Complaint.

## VI. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise …." The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

Plaintiff filed the above-captioned putative class action on March 5, 2025 in the Superior Court of the State of California, County of San Diego, as case number 25CU011586C. This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's purported service of the Complaint via sub-service on March 10, 2025 which was complete as of March 20, 2025. *See* Code of Civ. Proc. § 415.20(a); 28 U.S.C. § 1446; Fed. Rule Civ. Proc. 6(a)(1).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8
NOTICE OF REMOVAL BY DEFENDANT PKL SERVICES, INC.

125228-00000015/9354047.3

No previous application has been made by PKL for this or similar relief.

Written notice of the filing of this Notice of Removal will be given to the adverse parties and state court as required by 28 U.S.C. section 1446(d).

| | |
|---|---|
| DATED: April 21, 2025 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |

By: */s/ Virginia L. Miller*
Virginia L. Miller
Emily Marsh
Attorneys for Defendant
PKL SERVICES, INC.