Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Mariela R. Romo (State Bar No. 341657)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
mariela@ferrarovega.com

*Attorneys for Plaintiff Danny Balvaneda*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BALVANEDA, on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>PKL SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:25-cv-00963-GPC-JLB<br><br>**<u>CLASS ACTION</u>**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay for All Hours Worked (FLSA, 29 U.S.C. § 201 *et seq.*)<br>3. Failure to Pay All Wages Owed<br>4. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>5. Meal Period Violations (Labor Code § 226.7)<br>6. Rest Period Violations (Labor Code § 226.7)<br>7. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>8. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>9. Wage Statement Violations (Labor Code § 226)<br>10. Failure to Reimburse Business Expenses (Labor Code § 2802)<br>11. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff DANNY BALVANEDA, on behalf of all others similarly situated ("Plaintiff") brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants PKL SERVICES, INC.; and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1.      This is a class and collective action for wage and hour violations of the California Labor Code and FLSA.

2.      Defendants failed to pay the California class and collective members for all hours suffered or permitted to work in violation of the applicable IWC Wage Orders and the FLSA.

3.       Defendants' underpayment of wages was facilitated by their unlawful company-wide policy and practices of time-rounding, off-the-clock work, and by failing to include all additional forms of non-discretionary remuneration into the regular rate of pay.

4.      Defendants failed to provide, authorize, and/or permit Plaintiff and the class members to take compliant meal and rest periods to which they were entitled. Further, Defendants failed to pay meal and rest period premiums.

5.      Defendants failed to reimburse Plaintiff and class members for necessary expenses incurred in furtherance of the class members' job duties.

6.      Defendants failed to provide all paid sick leave due to Defendants' policy and practice.

7.      Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

8.      Defendants are further liable for derivative claims for wage statements, untimely payment, and other associated violations.

9.      Plaintiff seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs**.**

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

10.     Defendant committed the same violations with respect to a nationwide collective of employees, who Plaintiff seeks to represent under the Fair Labor Standards Act.

## JURISDICTION & VENUE

11.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California.

## PARTIES

**A.    Plaintiff Danny Balvaneda**

13.     Plaintiff Balvaneda is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about May 2024 to December 2024.  Plaintiff worked as an Aircraft Mechanic.

14.     A written consent form for Plaintiff is attached hereto as **Exhibit 1**.

**B.    Defendants**

15.     Defendant PKL Services, Inc. is a California corporation that maintains operations and conducts business throughout the State of California, including in this county.

16.     The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section.

17.     Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and

- 2 -

omissions alleged herein.  This Complaint may be amended to reflect their true names and capacities once ascertained.

18.    Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

19.    Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

20.    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

21.    This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

a.    All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

22.    Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

23. The class is ascertainable and shares a well-defined community of interest in this litigation:

    a. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

    b. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

    c. <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

    d. <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

    e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are

properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

24.    Common questions of law and fact as to the class members predominate over questions affecting only individual members.  The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

25.    Plaintiff and class members worked for Defendants as non-exempt employees and were compensated on an hourly basis.

26.    Defendants failed to pay Plaintiff and the class members all minimum wages owed. Defendants had an unlawful policy and practice of requiring Plaintiff and the class members to round their time worked. Specifically, Plaintiff and the class members would clock in when they arrived at work. This would often be earlier than their scheduled shift because of the demands of the job and pressure to timely complete tasks such as unwrapping aircraft parts. However, Defendants mandated Plaintiff and the class members to report only 8 hours worked even when Plaintiff and the class members were completing work before their shift. Specifically, Defendants required Plaintiff and the class members to round up their hours to their scheduled start time when submitting their time worked. Due to this unlawful time-rounding practice, all hours worked were not directly compensated, resulting in the underpayment of regular and overtime wages to Plaintiff and the class members.

27.    Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to complete work while off-the-clock. Specifically, Defendants required Plaintiff and the class members to clean up and put tools away while off-the-clock. Due to the high demands of the job, Plaintiff and the class members were unable to complete all required tasks during their scheduled shift. Plaintiff and the

- 5 -

class members were not provided with additional time to clean up and put all tools away, and as a result, were forced to complete this while off-the-clock resulting in unpaid hours worked.

28.    Plaintiff and the class members often were not paid for all hours worked due to an error with Defendant's timekeeping system. Specifically, Plaintiff and the class members would record their hours worked. However, this time would not be accurately reflected on their paystubs resulting in unpaid hours worked. On these days, Plaintiff and the class members notified Defendants of this error. However, Defendants would fail to correct this issue, resulting in unpaid minimum wages.

29.    Defendants failed to pay Plaintiff and the class members overtime wages at the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. As stated above, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to round their time worked and complete work off-the-clock. To the extent that these unlawful practices resulted in unpaid hours worked over 8 hours in a day or 40 hours in a week, this resulted in unpaid overtime.

30.    Defendants failed to pay Plaintiff and the class members overtime wages for all work in excess of 8 hours in one workday and any work more than 40 hours in any one workweek. Plaintiff's time records show he worked 10 hours on 9/23/24, 9/24/24, and 9/25/24. However, despite working over 8 hours in a day and sometimes 40 hours in a week, Defendant failed to pay Plaintiff overtime. Plaintiff's wage statement for the corresponding pay period shows Defendants only paid Plaintiff and class members 40 hours in a week and did not account for overtime when Plaintiff and class members worked more than 8 hours in a day.

31.    Additionally, Defendants failed to pay Plaintiff and the class members overtime wages at the regular rate of pay. Plaintiff and the class members earned commissions, shift differentials, and other forms of non-excludable remuneration which they failed to include in the overtime rate. An illustrative example of Defendant's regular rate of pay violation is found on Plaintiff's wage statement for the pay period

from 3/02/24 to 3/15/24 as it pertains to overtime. During this pay period, Plaintiff earned $507 in additional remuneration titled "H/W 6.50." However, Defendants failed to properly include the additional pay in Plaintiff's overtime rate, as the 12 overtime hours were paid at 1.5x Plaintiff's base rate of $36.81, rather than 1.5x his regular rate of pay. Additionally, the 8 double time hours were paid at 2x Plaintiff's base rate of $36.81, rather than 2x his regular rate of pay. Defendants committed the same "regular rate of pay" violation against Plaintiff and other class members as a matter of common policy in a manner susceptible to common proof. This resulted in the underpayment of overtime wages to employees.

32. Defendants failed to comply with California's paid sick leave laws with respect to the class members. Upon information and belief, Defendants failed to pay sick leave at the correct rate because they failed to factor in bonuses, commissions, and/or other forms of remuneration, as required by section 246. Instead, Defendants paid sick leave to Plaintiff and the class members at their base hourly rate, resulting in inaccurate sick leave accrual. The failure to calculate and pay sick leave at one of the lawful rates set forth in Labor Code § 246(l)(1)-(3) and 247 *et seq.* was applied as a matter of common policy and practice to class members in those periods where they earned additional payments, or other forms of non-excludable remuneration, such as the "H/W 6.50" remuneration and also received paid sick leave.

33. Plaintiff and other class members routinely experienced missed, late, short, and interrupted meal periods in order to keep up with the high demands of the job. For example, Plaintiff and the class members often experienced interrupted meal periods. Defendants often asked Plaintiff and the class members questions during their meal periods. Specifically, Plaintiff's work leader often asked Plaintiff questions about specific jobs he was working on. This resulted in Plaintiff and the class members often experiencing interrupted or otherwise non-complaint meal periods.

34. Defendants also would automatically include compliant meal periods on Plaintiff and the class members' time records when in reality, they did not take a

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

compliant meal period. Specifically, the time records for Plaintiff and, on information and belief, the class members reflect automatic deductions of 0.5 hours (or 30 minutes) each workday, regardless of whether a compliant meal period was taken. Thus, Defendants failed to pay Plaintiff and the class members' meal period premiums each time a non-compliant meal period was automatically deducted.

35.    To the extent Defendants ever paid a meal period premium, Defendants failed to pay premiums at the regular rate of compensation because the premium did not factor in non-discretionary bonuses or other forms of remuneration, including the "H/W 6.50" remuneration, instead electing to pay class members at their base hourly rate or an otherwise deficient rate, in violation of California law.

36.    Defendant failed to provide all rest periods to Plaintiff and the class members. Due to the demands of the job, Plaintiff and other class members were not permitted to take rest periods. Specifically, Plaintiff and the class members were often asked questions about specific jobs they were working on at all times of the day and were required to timely respond. This prevented Plaintiff and the class members from taking a compliant rest period. As a result, Plaintiff and the class members would not receive their lawful 10-minute paid rest period. Each time Plaintiff and the class members experienced a noncompliant rest period, they were owed a rest period premium at the lawful rate. However, as a matter of policy and practice, Defendants failed to pay Plaintiff and other class members a rest period premium at the lawful rate of pay.

37.    To the extent Defendants ever paid a rest period premium, Defendants violated Labor Code section 226.7 because such premiums were not paid at the regular rate of compensation to class members, which would have factored in all additional non-excludable remuneration including the "H/W 6.50" remuneration into the premium rate.

38.    Defendants required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

39.     Defendants required Plaintiff and the class members to use their personal cell phones for work related purposes. For example, Plaintiff and the class members were not provided with work phones to use on flights. Therefore, Defendants called Plaintiff and the class members on their personal cell phones to notify them of any updates. Further, Plaintiff and the class members were required to log all their hours worked through an application on their personal cell phones. Defendants did not reimburse Plaintiff and the class members for using their personal cell phones for work-related purposes.

40.     Moreover, Plaintiff and the class members were not provided all necessary tools to complete their job duties. For example, Plaintiff was required to supply and use his own tools for work-related purposes. Specifically, Plaintiff paid approximately $1,500 for all necessary tools. However, Defendants failed to provide Plaintiff and the class members with all necessary tools to complete work-related duties.

41.     Plaintiff's and the class members' personal cell phones and tools were necessary to complete the required job duties because Defendants did not provide employees with work cell phones or all necessary tools. Thus, in direct consequence of their job duties, Plaintiff and the class members were required to provide and use their own personal cell phones and tools for work-related purposes. Defendants did not adequately reimburse Plaintiff and other class members for expenses incurred that were necessary for the job.

42.     Because Defendants failed to pay all wages and premiums in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees, as applicable). Defendants violated Labor Code sections 204 and 204b by failing to pay all wages and premiums owed on the regular pay days scheduled each pay period within seven calendar days of the close of the payroll period, as a result of the policies and practices set forth in this

notice. Indeed, Defendants failed to pay all premiums, overtime, regular, sick leave, and other earnings on time each payday.

43. Defendants failed to pay all wages and premiums owed to class members during their employment as set forth in this notice, and also failed to timely pay those amounts to departing employees upon separation of employment. Defendants did not pay waiting time penalties for the late payments. As a result, Defendants violated Labor Code sections 201, 202, and 203.

44. Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

45. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable rates in effect and the number of hours worked at that rate, as Defendants failed to list Plaintiff's and the class members' rate and all hours worked due to Defendants' policy and practice of requiring Plaintiff and the class members to round their time worked and complete work off-the-clock. Further, Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

46. Further, Defendants failed to accurately list Plaintiff's and the class members' applicable hourly rates in effect and number of hours worked. Defendants failed to list Plaintiff's and the class members' hourly rate for the corresponding wages earned. Plaintiff earned an hourly rate of $36.81, but the wage statements do not list this rate for the pay period from 03/02/24 to 03/15/24. Defendants also failed to include the applicable hourly rate and total hours worked for the "H/W 6.50" remuneration. Plaintiff and other class members cannot promptly and easily determine from the wage

- 10 -

statement alone the rate and hours worked without reference to other documents or information.

47. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other class members with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

48. Because of these policies and practices set forth above, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

## FLSA COLLECTIVE ACTION

49. Plaintiff brings the First Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to PKL Services, Inc.'s violation of the FLSA.

50. Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

  a. All current and former non-exempt hourly employees of PKL Services, Inc. who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

51. Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for PKL Services, Inc. and he was paid overtime wages in the same pay period in which he was paid a non-excludable remuneration.

52. Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

      a.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

      b.    Plaintiff and the FLSA Collective were subject to PKL Services, Inc.'s policies, practices, and directives with respect to regular and overtime pay.

      c.    Plaintiff and the FLSA Collective were paid regular and overtime wages.

      d.    Plaintiff and the FLSA Collective were paid additional forms of non-excludable remuneration.

      e.    Regardless of their job title or location, PKL Services, Inc. did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

53.    Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from PKL Services, Inc.'s personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

54.    The First Cause of Action is properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

55.    The Second of Action is properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

# FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### FLSA - 29 U.S.C. §§ 201 *et seq.*

### (Plaintiff and the FLSA Collective Against PKL Services, Inc.)

56.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

57.     PKL Services, Inc. has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

58.     PKL Services, Inc. has employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

59.     PKL Services, Inc. knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

60.     PKL Services, Inc. employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

61.     Further, PKL Services, Inc. paid Plaintiff and the FLSA Collective shift differentials, commissions, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

62.     PKL Services, Inc. failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

63.     Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of PKL Services, Inc.'s unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the regular rate underpayments).

64.     PKL Services, Inc.'s violations of the FLSA, as described in this Complaint, have been willful and intentional.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

65.    PKL Services, Inc. failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

66.    Because PKL Services, Inc.'s violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67.    As a result of the unlawful acts of PKL Services, Inc., Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FAILURE TO PAY FOR ALL HOURS WORKED
### FLSA - 29 U.S.C. §§ 201 *et seq.*
### (Plaintiff and the FLSA Collective Against PKL Services, Inc.)

68.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

69.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

70.    Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

71.    Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of time rounding and requiring off-the-clock work.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

72.     This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED

### Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197

### (All Claims Alleged by Plaintiff and Class Members Against All Defendants)

73.     All outside paragraphs of this Complaint are incorporated into this section.

74.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).   In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

75.     Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.   As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

76.     Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages,

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

77.    All outside paragraphs of this Complaint are incorporated into this section.

78.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

79.    Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

80.    Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

81.    All outside paragraphs of this Complaint are incorporated into this section.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

82.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

83.    Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

84.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

85.    Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

86.    All outside paragraphs of this Complaint are incorporated into this section.

87.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

88.     Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

89.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

90.     All outside paragraphs of this Complaint are incorporated into this section.

91.     Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.*   Paid sick leave earnings constitute wages for purposes of California wage and hour law.  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

92.     Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.,* 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

93.    Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

94.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

95.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

96.    All outside paragraphs of this Complaint are incorporated into this section.

97.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

98.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor

- 19 -

Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

99.    Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

100.    All outside paragraphs of this Complaint are incorporated into this section.

101.    This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

102.    Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members.  Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

103.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

104.    As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate

penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## TENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### Violation of Labor Code § 2802

105.   All outside paragraphs of this Complaint are incorporated into this section.

106.   Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

107.   Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial.  Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

108.   All outside paragraphs of this Complaint are incorporated into this section.

109.   Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

110.   Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's

- 21 -

wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

111.   Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

112.   Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

113.   Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.     For certification of this action as a class action;

b.     For appointment of Plaintiff as the class representative;

c.     For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d.     For division of class members into appropriate classes and/or subclasses according to proof;

e.     For recovery of all statutory penalties and liquidated damages;

f.     For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g.   For restitution and injunctive relief;

h.   For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.

i.   For recovery of damages in amount according to proof;

j.   For all recoverable pre- and post-judgment interest; and

k.   For such other relief the Court deems just and proper.

Dated: June 26, 2025                    *Ferraro Vega Employment Lawyers, Inc.*

*Nicholas J. Ferraro*
_____
Nicholas J. Ferraro
Lauren N. Vega
Mariela R. Romo
*Attorneys for Plaintiff Danny Balvaneda*

CLASS AND COLLECTIVE ACTION COMPLAINT
*Balvaneda v. PKL Services, Inc.*

EXHIBIT 1

## <u>FLSA CONSENT TO JOIN FORM</u>

Complete and Mail, Fax or Email to:

**FERRARO VEGA EMPLOYMENT LAWYERS**
**Re: FLSA Consent Form**
**3333 Camino del Rio South, Suite 300**
**San Diego, CA 92108 USA**
**Phone: 619-693-7727 / Fax: 619-350-6855**
**Email: flsa@ferrarovega.com**
**www.ferrarovega.com**

By signing below:

I consent to join this lawsuit entitled *Danny Balvaneda v. PKL Services, Inc.,* in the U.S District Court for the Southern District of California seeking unpaid overtime wages and other relief provided under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

I choose to be represented by the attorneys at Ferraro Vega Employment Lawyers, Inc.

Print Name: _____ Danny Balvaneda _____

Signature: _____ *Danny Balvaneda* _____

Date: _____ Jun 26, 2025 _____