Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Mariela R. Romo (State Bar No. 341657)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com / mariela@ferrarovega.com

*Attorneys for Plaintiff Danny Balvaneda*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BALVANEDA, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PKL SERVICES, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-00963-GPC-JLB<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT PKL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT** [Docket No. 24-1] |

## I. INTRODUCTION

Plaintiff Danny Balvaneda ("Plaintiff") hereby files this Sur-Reply to Defendant PKL Services, Inc.'s ("Defendant") Request for Judicial Notice in Support of Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Class and Collective Action Complaint filed on October 21, 2025, as docket number 24-1.

On October 31, 2025, the Court held an in-person hearing on Defendant's Motion to Dismiss. After arguments were made, the Court requested that Plaintiff file a Sur-Reply on or before November 7, 2025, regarding Defendant's Request for Judicial Notice in Support of Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Class and Collective Action Complaint.

## II. LEGAL ARGUMENT

### A. Plaintiff Does Not Oppose Defendant's Request for Judicial Notice of the CBA in Effect from July 27, 2020, to June 30, 2022.

Defendant requested judicial notice of a Collective Bargaining Agreement ("CBA") between PKL Services, Inc. and the International Association of Machinists and Aerospace Workers AFL-CIO, District Lodge 725, for the MV-22 Program at the Marine Corps Air Station, Miramar, Camp Pendleton, California, to rebut Plaintiff's argument that there was no CBA in effect prior to March 29, 2024 and therefore Plaintiff's fourth, seventh, and eighth causes of action are not completely preempted.

Upon further review of the Defendant's Request for Judicial Notice of the CBA in effect prior to March 29, 2024, Plaintiff agrees that an applicable CBA was in effect during the class and collective period. Accordingly, Plaintiff concedes that his fourth, seventh, and eighth causes of action are preempted and thus subject to dismissal.

### B. The Existence of a CBA in Effect Throughout the Class and Collective Period Does Not Warrant Dismissal of Plaintiff's Remaining Claims.

While Plaintiff acknowledges that a CBA was in effect throughout the class and collective period that justifies dismissal of its fourth, seventh, and eighth causes of action, the rest of his claims should not be dismissed for the same reasons discussed in

Plaintiff's Opposition to Defendant's Motion to Dismiss.

With respect to Plaintiff's FLSA claims (first and second causes of action), those should not be dismissed because they are not preempted under the *Burnside* analysis because (1) the FLSA claims are based upon distinct federal statutory rights as opposed to rights that exist solely as a result of the CBAs and (2) the FLSA claims do not necessitate CBA interpretation. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 4-5 (9th Cir. 2007). Similarly, Plaintiff's third, fifth, sixth, ninth, tenth, and eleventh causes of action are not subject to preemption nor dismissal because they arise from state law and do not require CBA interpretation.

The mere existence of a CBA during the class and collective period at issue does not warrant dismissal. Rather, each claim that Defendant seeks to dismiss pursuant to the CBAs requires application of the *Burnside* analysis. A thorough *Burnside* analysis reveals that Plaintiff's remaining claims are not (1) derived from the CBA, and (2) do not require interpretation of the CBA.

## III.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Court deny Defendant's Motion to Dismiss Plaintiff's Class and Collective Action Complaint.

Respectfully submitted,

Dated: November 7, 2025                 *Ferraro Vega Employment Lawyers, Inc.*

*/s/ Nicholas J. Ferraro*
Nicholas J. Ferraro
Lauren N. Vega
Mariela R. Romo
*Attorneys for Plaintiff Danny Balvaneda*